Wells Fargo Bank, N.A. v Manno (2025 NY Slip Op 04935)

Wells Fargo Bank, N.A. v Manno

2025 NY Slip Op 04935

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-05773
2024-05790
 (Index No. 61944/14)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Vincent Manno, etc., et al., defendants, MCN Management, appellant.

Miller, Rosado & Aglios, LLP, Garden City, NY (Christopher Rosado and Neil A. Miller of counsel), for appellant.
Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant MCN Management Corp., incorrectly sued herein as MCN Management, appeals from two orders of the Supreme Court, Suffolk County (James Hudson, J.), both dated May 21, 2024. The first order dated May 21, 2024, insofar as appealed from, denied that branch of that defendant's motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the plaintiff's cross-motion which was to reinstate so much of two prior orders of the same court, both dated October 11, 2019, as granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant MCN Management Corp., incorrectly sued herein as MCN Management, to strike that defendant's amended answer and affirmative defenses, and for an order of reference. The second order dated May 21, 2024, insofar as appealed from, denied that branch of the motion of the defendant MCN Management Corp., incorrectly sued herein as MCN Management, which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it, granted those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's amended answer and affirmative defenses, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders dated May 21, 2024, are reversed insofar as appealed from, on the law, with one bill of costs, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the subject branches of the motion and the cross-motion in accordance herewith.
In 2005, the defendant Vincent Manno executed a note in the amount of $452,000 in favor of World Savings Bank, FSB (hereinafter WSB). As security for the loan, Vincent, along with the defendant Barbara Manno (hereinafter together the Mannos) executed a mortgage encumbering certain real property located in Suffolk County. After the Mannos allegedly defaulted by failing to pay the monthly installment due on December 15, 2006, WSB commenced an action to foreclose the mortgage in May 2007 (hereinafter the 2007 action), in which it elected to accelerate the mortgage [*2]and declare the entire amount due. In June 2015, WSB voluntarily discontinued the 2007 action and canceled a notice of pendency filed against the property.
On November 25, 2009, the property was sold at a judicial sale to foreclose a lien against the property. The property was thereafter transferred to the defendant MCN Management Corp., incorrectly sued herein as MCN Management (hereinafter MCN), by deed dated April 24, 2012.
On March 24, 2014, the plaintiff commenced the instant action against the Mannos and MCN, among others. In its amended answer, MCN asserted a number of affirmative defenses, including, as its eighth affirmative defense, that the action was barred by the statute of limitations (see CPLR 213[4]).
In two orders, both dated October 11, 2019 (hereinafter the October 2019 orders), the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against MCN, to strike its amended answer and affirmative defenses, and for an order of reference. Upon learning that Vincent had died on July 6, 2019, the court issued an order on June 4, 2020, in effect, vacating the October 2019 orders.
In 2022, MCN moved, inter alia, to lift the automatic stay imposed due to Vincent's death and, in effect, for summary judgment dismissing the complaint insofar as asserted against it as barred by the statute of limitations. The plaintiff opposed the motion and cross-moved, among other things, to lift the stay on the ground that Vincent was not a necessary party to the action, to reinstate so much of the October 2019 orders as granted those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against MCN, to strike its amended answer and affirmative defenses, and for an order of reference, or alternatively, for summary judgment on the complaint insofar as asserted against MCN, to strike its amended answer and affirmative defenses, and for an order of reference. By order dated May 21, 2024, the Supreme Court, inter alia, denied that branch of MCN's motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it on the ground that MCN lacked standing to raise the defense of the statute of limitations and granted that branch of the plaintiff's cross-motion which was to reinstate so much of the October 2019 orders as granted those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against MCN, to strike its amended answer and affirmative defenses, and for an order of reference. In a second order dated May 21, 2024, the court, among other things, denied the same relief to MCN, granted those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against MCN, to strike its amended answer and affirmative defenses, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. MCN appeals from both orders.
Contrary to the Supreme Court's determination, as the owner of the property at the time this action was commenced, MCN had standing to assert a statute of limitations defense (see U.S. Bank N.A. v Steward, 219 AD3d 862, 863; U.S. Bank N.A. v 32-49 107 St., Inc., 219 AD3d 777, 777; Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 945; Deutsche Bank Natl. Trust Co. v MacPherson, 200 AD3d 647, 649). On appeal, MCN also contends that it established that the mortgage debt was accelerated when WSB commenced the 2007 action, that MCN further demonstrated that this action was commenced more than six years after the commencement of the 2007 action, and that, in opposition to its motion, the plaintiff failed to raise a triable issue of fact as to whether this action was timely commenced. However, the court never addressed these contentions, as well as similar contentions made in opposition to the plaintiff's cross-motion, in light of its determination that MCN lacked standing to raise the statute of limitations defense. Accordingly, we remit the matter the Supreme Court, Suffolk County, for a new determination of that branch of MCN's motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it and those branches of the plaintiff's cross-motion which were to reinstate so much of the October 2019 orders as granted those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against MCN, to strike its amended answer and affirmative defenses, and for an order of reference, or alternatively, for summary [*3]judgment on the complaint insofar as asserted against MCN, to strike its amended answer and affirmative defenses, and for an order of reference, at which time the court can consider these issues. We take no position as to the court's ultimate disposition of those branches of the motion and the cross-motion.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court